UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA REEVES, | : | CIVIL NO. **1:06-CV-1534** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| | : | |
| DAUPHIN COUNTY, ET AL., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

The plaintiff is Barbara Reeves.  The defendants are
Dauphin County, Prime Care Medical, Inc., Marcy D. Cousin, Tim
Toolen and Dominick DeRose.  The complaint was filed on August
7, 2006.

Defendants Prime Care Medical, Inc., Marcy D. Cousin
and Tim Toolen filed a motion to dismiss the complaint (doc.
10) on October 3, 2006.  Defendant Dauphin County filed a
motion to dismiss the complaint (doc. 12) on October 9, 2006.
An amended complaint (doc. 19) was filed on October 23, 2006.
The two pending motions were deemed moot by Order of October
24, 2006 (doc. 21).

Defendants Prime Care Medical, Inc., Marcy D. Cousin
and Tim Toolen filed an answer to the amended complaint (doc.

24) on November 2, 2006.  Defendants Dauphin County and Warden
Dominick DeRose filed a motion to dismiss the amended complaint
(doc. 28) and a brief in support (doc. 29) on December 15,
2006.  The plaintiff filed a brief in opposition (doc. 30) on
December 28, 2006 and exhibits (doc. 32) on January 3, 2007.  A
reply brief (doc. 36) was filed on January 16, 2007.

This Report and Recommendation addresses the
defendants' pending motion to dismiss the complaint.

A motion to dismiss a complaint pursuant to Rule
12(b)(6) for a failure to state a claim upon which relief can
be granted challenges the legal sufficiency of the complaint;
the court must decide whether, even if the plaintiff were able
to prove all of his allegations, he would be unable to prevail.
*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891
(3d Cir. 1977).  In presenting a Rule 12(b)(6) motion to
dismiss for failure to state a claim upon which relief can be
granted, the burden is on the moving party to show that there
is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33
(3d Cir. 1980).  When deciding a motion to dismiss, the court
must accept all material allegations of the complaint as true
and draw all inferences in the light most favorable to the

2

plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

The amended complaint that is now before the court alleges that the plaintiff was hired by Prime Care Medical Inc. as a Licensed Practical Nurse, and that she was assigned by her employer to work in the medical department of the Dauphin County Prison.  About five years and nine months after she began working at the Dauphin County Prison, she married a prison guard working at the Dauphin County Prison.  Her new husband, an African-American, had "successfully defeated Dauphin County Prison management in its efforts to terminate him for unlawful reasons."  It is asserted that the defendants began "to make false accusations" against the plaintiff.  It is alleged that the false allegations made against her were made

3

"in an attempt to retaliate against her because of her associations on account of her interracial marriage."  It is alleged that the defendants retaliated against the plaintiff also because she "made use of her Prime Care employer's anti-discrimination plan and its related processes to address the unlawful discrimination she was receiving by virtue of defendant Cousin's and Toolen's unlawful (and knowing) cooperation with DCP management and Defendant DeRose in their efforts to dismiss plaintiff."

The amended complaint asserts that "the defendants discriminated against the plaintiff because of her lawful and proper association with, and marriage to, an African-American" and that "this misconduct began with her September 15, 2005 marriage to an African-American and continued until her unlawful discharge."

The amended complaint alleges that "Defendant DeRose conspired with Defendants Prime Care, Cousin, Toolen and/or other agents or employees of defendant to effect the termination of Plaintiff's employment with Prime Care pursuant to a policy, custom and practice of DeRose and the County to retaliate against individuals who oppose their practices such

4

as Plaintiff's husband did when he successfully opposed the County's past efforts to terminate his employment..."

Defendants Dauphin County and Warden Dominick DeRose in support of their motion to dismiss the amended complaint argue: 1.) that the claims against defendant Dauphin County brought pursuant to 42 U.S.C. §§ 1983 and 1985 and related conspiracy claims are time barred; 2.) that the discovery rule should not toll the running of the statute of limitations; 3.) that the plaintiff's claims against defendant Dauphin County brought pursuant to Title VII and the PHRA fail to state claims upon which relief can be granted; 4.) that the Thirteenth Amendment claims against Dauphin County should be dismissed because this case has nothing to do with slavery; 5.) that the plaintiff's § 1981 claim should be dismissed because the plaintiff can not establish that she suffered discrimination concerning one or more of the activities enumerated in the statute; 6.) that the federal claims asserted against the County defendants should be dismissed because the plaintiff has failed to state an underlying constitutional violation; and 7.) that the plaintiff's claims for punitive damages against Dauphin County should be dismissed.

Defendant Dauphin County's statute of limitations argument is that, since the plaintiff's employment was terminated on June 8, 2004, since a two-year limitations deadline is applicable and since the complaint was filed on August 7, 2006, the time period limitation on filing an action had been passed.

The plaintiff argues that her Title VII claims that were pending before the EEOC until May 13, 2006 tolled the running of the statute of limitations until May 13, 2006.  The plaintiff also argues that she did not learn of the participation of the defendants in a conspiracy to violate her rights until the administrative proceedings held at the PHRC. The amended complaint alleges that the plaintiff "learned of the nature and extent of the conspiracy by and between the Defendants less than two years before the filing of her original Complaint" and that she learned of it "through information developed through the course of the administrative proceedings based on the charge of discrimination she filed after her termination, and could not, despite the exercise of reasonable diligence, have learned of that conduct at any earlier time."

The plaintiff has not presented an argument that warrants a holding by the court that the running of the statute of limitations was tolled.  The fact that an Equal Employment Opportunity Commission discrimination claim was pending is not a basis to toll the deadline for a 42 U.S.C. §§ 1983 or 1985 civil action.  The plaintiff asserts that for her to bring her Title VII claims and her 42 U.S.C. §§ 1983 and 1985 claims arising from one core set of facts and incidents at the same time is in the interest of judicial economy, and that for her to have brought the claims separately would have been unnecessarily duplicative.  However, the limitations period is not tolled on this basis.  The contention that the time for filing a 42 U.S.C. § 1983 civil action is tolled during the period in which a litigant pursues a related but independent cause of action was addressed by the United States Supreme Court in *Board of Regents of the University of the State of New York, et al. v. Tomanio*, 446 U.S. 478 (1980).  The Court held that the borrowing of the state statute of limitations includes the borrowing of its tolling provisions.  Under Pennsylvania law, an action in another jurisdiction or in another court does not toll the statute of limitations.  *Falsetti v. Local Union No. 2026, United Mine Workers of America*, 355 F.2d 658 (3d Cir. 1966); *Storch v. Miller*, 585 A.2d 1183, 137 Pa. Cmwlth. 325

(Pa.Cmwlth 1991).  The plaintiff's judicial economy policy
argument for a tolling during the pendency of a proceeding in
another forum involving related facts is not meritorious.

The plaintiff argues that, as to her claim of a
conspiracy to violate her constitutional rights, the factual
basis for the claim was not discovered until a point in time
that was no more than two years before this civil action was
commenced.  She asserts in her memorandum of law, through
counsel, that she did not learn of the participation of the
defendants in a conspiracy until the administrative proceedings
held at the Pennsylvania Human Relations Commission were
underway.  She does not specify the source of, the nature of,
or the means of communication of the discovery information to
her during the Pennsylvania Human Relations Commission
proceedings.

The discovery rule basis for tolling the running of the
statute of limitations does require as a condition of its
applicability that the plaintiff establish her inability to
have known of the injury despite her exercise of due diligence.
*Dalrymple v. Brown*, 701 A.2d 164 (Pa. 1997).  The plaintiff
asserts in her brief that even through diligent investigation

she had no means of forcing the defendants to reveal to her
their participation in a conspiracy against her.  However, the
only argument or explanation supporting the contention of a
discovery of a conspiracy, apart from the allegations in the
amended complaint of matters known to the plaintiff as of the
time of her termination, is the amended complaint's general
statement "upon information and belief" of a conspiracy and the
argument that people who participate in a conspiracy very often
attempt to conceal their involvement and to keep those facts
hidden from detection.  Apart from the bare assertion of a
discovery within two years of the filing date and not before,
there is no basis provided to support a claim or contention of
a discovery within two years of the filing date and not before.


     The plaintiff brought a civil action stating her 42
U.S.C. §§ 1983 and 1985 and related conspiracy claims more than
two years after the occurrence of the events that gave rise to
those claims.  Those claims are out of time on the basis of the
time limitation on actions under Pennsylvania law, 42 Pa.C.S. §
5524, applicable to a 42 U.S.C. §§ 1983 or 1985 claim.  These
claims should be dismissed.

Defendant Dauphin County argues that the plaintiff's claims against it brought pursuant to Title VII and the PHRA fail to state claims upon which relief can be granted, for the reason that a timely charge of discrimination was not filed with the EEOC, and for the reason that a "right to sue" letter was not obtained.

In Exhibits filed with the plaintiff's brief in opposition to the defendant's motion to dismiss (doc. 32), a Notice of Right to Sue is included and a letter from Homer C. Floyd, Executive Director, Pennsylvania Human Relations Commissioner, is included.  Exhibits 1 and 2.  These address the claims of Barbara Reeves against Prime Care Medical, not a claim of Barbara Reeves against Dauphin County.  There is not a basis cited by the plaintiff for a determination that a claim was brought and exhausted by Barbara Reeves against Dauphin County.  It will accordingly be recommended that the claims of the plaintiff against Dauphin County under Title VII and the Pennsylvania Human Relations Act be dismissed for the reason that these claims have not been exhausted.

The claim that Dauphin County violated the rights of the plaintiff under the Thirteenth Amendment is a claim that

defendant Dauphin County violated the right of the plaintiff to
be free from slavery or involuntary servitude.  The plaintiff's
amended complaint does not contain a short and plain statement
of a claim that she was or is in any sense subjected by
defendant Dauphin County to slavery or involuntary servitude[1].
As stated above, the court should dismiss the 42 U.S.C. §§ 1983
and 1985 and related conspiracy claims as untimely under the
statute of limitations.  If the court does not dismiss on the
statute of limitations basis, it should dismiss the 13th
Amendment claim for the reason that slavery is not involved in
the plaintiff's allegation.

     The 42 U.S.C. § 1981 claim against Dauphin County is
not subject to the 42 Pa.C.S. § 5524 two year statute of
limitations.  *Jones v. R.R. Donnelley and Sons Co.*, 541 U.S.
369 (2004).

     Defendant Dauphin County argues that the 42 U.S.C. §
1981 claim should be dismissed because the plaintiff has not
alleged discrimination as to any activity covered under 42

---

[1]Amendment 13, Section 1, provides: "Neither slavery nor
involuntary servitude, except as a punishment for crime whereof the party shall
have been duly convicted, shall exist within the United States, or any place
subject to their jurisdiction."

11

U.S.C. § 1981, citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).  42 U.S.C. § 1981 prohibits discrimination as to, *inter alia*, a person's right to make and to enforce contracts.  The plaintiff argues that the discrimination that the amended complaint alleges is discrimination as to her right to have maintained her contract with Prime Care Medical pursuant to which she would provide her services and would receive wages.  The amended complaint should not be dismissed as against the Dauphin County defendants as to the plaintiff's 42 U.S.C. § 1981 claim that the defendants did not afford to her the same right as is afforded to white citizens to make and to enforce contracts.

Defendant Dauphin County argues that if the 42 U.S.C. §§ 1983 and 1985 and related conspiracy claims against it are not dismissed as untimely, then these claims should be dismissed because the claim or allegation in the amended complaint that a policy, practice or custom of Dauphin County or of Warden DeRose caused the plaintiff's injuries is not based upon an underlying claim of an injury involving the loss of or a diminishment of a constitutional right.  The plaintiff in response states that her claim is one of a violation of her right of association in violation of her First Amendment

rights.  She asserts retaliation against her for her
association with her husband.  She also asserts that the
defendants violated her right to substantive due process.

The amended complaint states in the introductory
paragraph that the federally guaranteed rights involved in the
case are rights under the Thirteenth, Fourteenth and First
Amendments.  There is no further statement of the nature of the
claims under these constitutional provisions.  However, the
general argument of the defendants that there is not a claim of
constitutional injury does not justify dismissal at this stage
when the amended complaint does refer to the First and
Fourteenth Amendments and where the plaintiff opposes the
dismissal based upon these Amendments in opposing the
defendants' motion.

Accordingly, if the court does not dismiss the
plaintiff's 42 U.S.C. §§ 1983 and 1985 and related conspiracy
claims as untimely, it should not dismiss the 42 U.S.C. §§ 1983
and 1985 and related conspiracy claims except as to the claim
of a Thirteenth Amendment violation.

The punitive damages claims against Dauphin County, a municipality, should be dismissed under *City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247 (1981).

For the foregoing reasons, it is recommended that the plaintiff's claims against defendants Dauphin County and Dominick DeRose under 42 U.S.C. § 1983 and 1985, and related conspiracy claims, be dismissed as untimely based upon the statute of limitations.  It is recommended that the plaintiff's Title VII and PHRA claims be dismissed for failure to exhaust administrative remedies.  It is recommended that the motion to dismiss the plaintiff's claim under 42 U.S.C. 1981 be denied. It is recommended that the motion to dismiss the plaintiff's punitive damages claims against defendant Dauphin County be granted.

The case should be remanded to this magistrate judge.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated:  February 6, 2007.

14