IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA REEVES,** | : | CIVIL ACTION NO. 1:06-CV-1534 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DAUPHIN COUNTY, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 24th day of April, 2007, upon consideration of the report of the magistrate judge (Doc. 41), recommending that: (1) plaintiff's First and Fourteenth Amendment claims[1] brought pursuant to 42 U.S.C. § 1983 and plaintiff's conspiracy claims[2] against defendants Dauphin County and Dominick DeRose be dismissed as untimely, (2) plaintiff's claims pursuant to Title VII and the Pennsylvania Human Relations Act against Dauphin County be dismissed for failure to exhaust administrative remedies, (3) plaintiff's claims for punitive damages against Dauphin County be dismissed, and (4) defendants' motion to dismiss plaintiff's 42 U.S.C. § 1981 claim be denied, and upon further consideration

---

[1] Although the amended complaint alleges a deprivation of plaintiff's rights pursuant to the Thirteenth Amendment (see Doc. 19 ¶ 1), plaintiff states that she did not advance a direct claim under the Thirteenth Amendment (see Doc. 45 at 1 n.1).

[2] Plaintiff's conspiracy claims include a claim under 42 U.S.C. § 1985 and a civil conspiracy claim under Pennsylvania law.

of the objections to the report and recommendation (see Docs. 42-46),[3] and, following an independent review of the record, it appearing that plaintiff's conspiracy claims have been sufficiently pled to survive defendants' statute of limitations defense at this stage in the proceedings,[4] FED. R CIV. P. 8(a) (stating that a party meets the federal pleading requirements so long as there is "a short and plain statement of the claim showing that the pleader is entitled to relief"), but that plaintiff cannot allege any facts to justify the application of the discovery rule or tolling of the two-year statute of limitations on plaintiff's First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983, and it further appearing that plaintiff has sufficiently pled that her termination based upon discrimination has infringed upon her right to make and enter a contract for employment and

---

[3] Plaintiff objected only to the magistrate judge's conclusion that the discovery rule did not toll the running of the statute of limitations on plaintiff's First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 and plaintiff's conspiracy claims. (See Docs. 45, 46.) Defendants objected to the magistrate judge's recommendation to deny defendants' motion to dismiss with respect to plaintiff's § 1981 claim. (See Docs. 43, 44.)

[4] Plaintiff alleges that she was unable to learn of defendants' participation in a conspiracy until her administrative proceedings at the Pennsylvania Human Relations Commission, less than two years before filing the original complaint. (See Doc. 19 ¶ 23; Doc. 30 at 6.) Although the plaintiff bears the burden of showing that she has exercised "reasonable diligence" to justify tolling the statute of limitations under the discovery rule, "the requisite level of diligence is generally a question of fact, and therefore, an issue for the jury." Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 12 F. Supp. 2d 391, 415 (M.D. Pa. 1998). Accordingly, considering the general principle espoused in Andritz in conjunction with the liberal notice pleading standard, the determination of whether the discovery rule is applicable to plaintiff's conspiracy claims is more appropriately reserved for summary judgment. See FED. R CIV. P. 56.

receive wages, see 42 U.S.C. § 1981 (stating that all persons within the jurisdiction of the United States shall have the same right to make and enter contracts), it is hereby ORDERED that the report and recommendation of the magistrate judge (Doc. 41) is ADOPTED in part and REJECTED in part as follows:

1. The motion to dismiss (Doc. 28) is GRANTED in part as follows:

    a. Plaintiff's Title VII, Pennsylvania Human Relations Act, and punitive damages claims against defendant Dauphin County are DISMISSED.

    b. Plaintiff's First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 against defendants Dauphin County and Dominick Rose are DISMISSED.

    c. Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

2. The motion to dismiss (Doc. 28) is otherwise DENIED.

3. The above-captioned case is REMANDED to the magistrate judge for further proceedings consistent with this order.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge