UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA REEVES,                        :      CIVIL NO. **1:06-CV-1534**
                                       :
            Plaintiff                  :      (Judge Conner)
                                       :
                                       :      (Magistrate Judge Smyser)
       v.                              :
                                       :
DAUPHIN COUNTY, *et al.*,               :
                                       :
            Defendants                 :

### REPORT AND RECOMMENDATION

I. Background and Procedural History.

        The plaintiff, Barbara Reeves, commenced this action by

filing a complaint on August 7, 2006.   On October 23, 2006,

the plaintiff filed an amended complaint.


        The defendants are Dauphin County; PrimeCare Medical,

Inc.; Marcy D. Cousin, an employee of PrimeCare Medical; Thomas

Toolan, an employee of PrimeCare Medical; and Dominick DeRose,

the Warden of the Dauphin County Prison (DCP).


        The plaintiff alleges that defendant PrimeCare Medical

hired her as a licensed practical nurse and assigned her to

work in the medical department of the DCP. *Amended Complaint* at ¶16.

The plaintiff alleges that, on September 15, 2002, she married an African-American prison guard who works for the DCP. *Id.* at ¶17.  She alleges that her husband had defeated the management of the DCP in its efforts to terminate him for unlawful reasons. *Id.* at ¶18.

The plaintiff alleges that soon after she married her husband the defendants began to make false accusations against her in an attempt to retaliate against her because of her associations and because of her interracial marriage. *Id.* at ¶19.  She alleges that defendants Cousin and Toolan cooperated with defendant DeRose and the management of the DCP in their efforts to dismiss the plaintiff. *Id.* at ¶20.  She alleges that the defendants retaliated against her because she used defendant PrimeCare Medical's antidiscrimination plan and processes to redress the discrimination against her. *Id.*

The plaintiff alleges that the defendants discriminated against her because of her association with and marriage to an African American. *Id.* at ¶21.  She alleges that this

2

discrimination began with her marriage and ended with her
discharge. *Id.*  She alleges that she was retaliated against
because of her utilization of her employer's antidiscrimination
plan and because of complaints to the Pennsylvania Human
Relations Commission (PHRC) and the Equal Employment
Opportunity Commission (EEOC). *Id.*

    The plaintiff alleges that defendants DeRose and
Dauphin County had a policy, custom and practice of retaliating
against individuals (such as her husband) who oppose their
practices. *Id.* at ¶22.  She alleges that, pursuant to that
policy, custom and practice, defendant DeRose conspired with
defendants PrimeCare Medical, Cousin and Toolan to have the
plaintiff's employment terminated. *Id.*  The plaintiff alleges
that the PrimeCare Medical defendants engaged in that
conspiracy for discriminatory and retaliatory reasons. *Id.*

    The plaintiff alleges that, less than two years before
she commenced this action, she learned the nature and extent of
the conspiracy between the defendants through information
developed through the course of the administrative proceedings
arising from a grievance filed by her after her termination
based upon a claim of discrimination in her termination. *Id.* at

¶23.  She alleges that despite her exercise of reasonable diligence she could not have learned of the conspiracy at an earlier time. *Id.*

The plaintiff claims that the defendants violated her rights under the First and Fourteenth Amendments to the United States Constitution.[1]  The plaintiff also claims that the defendants violated Title VII, the Pennsylvania Human Relations Act (PHRA), 42 U.S.C. § 1981 and 42 U.S.C. § 1985.  The plaintiff also claims that the defendants entered into an unlawful conspiracy under Pennsylvania law.

On November 2, 2006, defendants PrimeCare Medical, Cousin and Toolan filed an answer to the amended complaint.

By an Order dated April 24, 2007, the plaintiff's First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 against defendants DeRose and Dauphin County were dismissed, the plaintiff's Title VII and PHRA claims against

---

[1] The plaintiff's First and Fourteenth Amendment claims are brought pursuant to 42 U.S.C. § 1983. In the amended complaint, the plaintiff also alleged a violation of the Thirteenth Amendment. However, the plaintiff has since indicated that she is not advancing a Thirteenth Amendment claim. *Doc. 45 at 1 n.1.*

defendant Dauphin County were dismissed and the plaintiff's request for punitive damages against defendant Dauphin County was dismissed.

On June 26, 2007, defendants DeRose and Dauphin County filed an answer to the amended complaint.

Currently pending and addressed in this Report and Recommendation is a motion for summary judgment filed by defendants PrimeCare Medical, Cousin and Toolan and a motion for summary judgment filed by defendants DeRose and Dauphin County.

By a Report and Recommendation dated September 25, 2007, we had recommended that the defendants' motions for summary judgment be granted and that the case file be closed. In that prior Report and Recommendation, we noted that the plaintiff failed to file a response to the statement of material facts filed by defendants DeRose and Dauphin County. The plaintiff filed a motion for reconsideration, which Judge Conner construed as objections to the Report and Recommendation, in which she stated that she had prepared a response to the statement of material facts filed by defendants

DeRose and Dauphin County but had mistakenly not filed that response.  The plaintiff attached a copy of her counterstatement of material facts to her objections.  Judge Conner rejected the prior Report and Recommendation on the basis of the plaintiff's objections and remanded the case to the undersigned for further consideration in light of the plaintiff's newly filed counterstatement of material facts.

We have considered the plaintiff's newly filed counterstatement of material facts.  The plaintiff's newly filed counterstatement of material facts does not change our recommendation that the defendants' motions for summary judgment be granted.[2]

---

[2] With a few modifications, this Report and Recommendation is the same as the prior Report and Recommendation. The biggest modification from the prior Report and Recommendation is that we have deleted a section of the prior Report and Recommendation addressing the merits of the plaintiff's conspiracy claims.  Discussion of the merits of the plaintiff's conspiracy claims is, and was, not necessary given our conclusion that the plaintiff's conspiracy claims are barred by the statute of limitations.  Nothing in the plaintiff's newly filed counterstatement of material facts changes our determination that the plaintiff's conspiracy claims are barred by the statute of limitations.

II.   Summary Judgment Standard.


        Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).


        An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the

7

non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law.  *Anderson*, *supra*, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

8

III. Discussion.

> A. First and Fourteenth Amendment 42 U.S.C. § 1983
> Claims.

Defendants PrimeCare Medical, Cousin and Toolan contend
that the plaintiff's § 1983 claims against them are barred by
the statute of limitations.  The plaintiff's § 1983 claims
against defendants DeRose and Dauphin County have already been
dismissed on the basis that they are barred by the statute of
limitations by the Order of April 24, 2007.  Defendants
PrimeCare Medical, Cousin and Toolan contend that the court
should apply the same reasoning and reach the same conclusion
as to the applicability of the statute of limitations as to the
§ 1983 claims against them as it did as to the applicability of
the statute of limitations as to the § 1983 claims against the
other defendants.

"Actions brought under 42 U.S.C. § 1983 are governed by
the personal injury statute of limitations of the state in
which the cause of action accrued." *O'Connor v. City of Newark,*
440 F.3d 125, 126 (3d Cir. 2006).  The Pennsylvania statute of
limitations for personal injury actions is two years. *Garvin v.*

*City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003).  A
section 1983 cause of action accrues when the plaintiff knew or
should have known of the injury upon which his or her action is
based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599
(3d Cir. 1998).

        It is undisputed that PrimeCare Medical terminated the
plaintiff's employment effective June 9, 2004.  *Proposed
Stipulation of Undisputed Facts for Defendants PrimeCare
Medical, Inc., Marcy D. Cousin and Thomas Toolan at ¶10 and
Plaintiff's Countersstatement of Material Facts in Response to
Proposed Stipulation of Undisputed Facts for Defendants
PrimeCare Medical Inc., Marcy D. Cousin and Thomas Toolan at
¶10.*[3]

---

[3] The plaintiff filed two separate responses (doc. 61
and doc. 63) to defendants PrimeCare Medical, Cousin and Toolan's
statement of material facts.  The responses are similar but not
exactly the same.  Local Rule 56.1 provides that "[t]he papers
opposing a motion for summary judgment shall include a separate,
short and concise statement of material facts, responding to the
numbered paragraphs set forth in the statement required in the
foregoing paragraph, as to which it is contended that there exists
a genuine issue to be tried."  The Rule requires a single response.
We will consider only the plaintiff's first response (doc. 61) to
defendants PrimeCare Medical, Cousin and Toolan's statement of
material facts.  We consider the first response both because it was
filed first in time and because it appears to be in some respects
more complete than the second response.

The plaintiff did not commence this action until August 7, 2006, more than two years after her termination.  Thus, absent some sort of tolling, the plaintiff's § 1983 claims against defendants PrimeCare Medical, Cousin and Toolan are barred by the statute of limitation.  The plaintiff contends that she commenced this action within the time period specified after receiving a Right to Sue letter from the EEOC, that she could not have filed her Title VII claims prior to receiving the Right to Sue letter, that it would have been unnecessarily duplicative to bring a federal civil rights action against the defendants prior to exhausting her administrative remedies under Title VII and the PHRA, and that bringing all of her claims at one time is in the interest of judicial economy.  The plaintiff contends, in essence, that the statute of limitations should be tolled during the time that she was exhausting her administrative remedies before the EEOC under Title VII and the PHRA.

The court in this case had considered that same tolling argument by the plaintiff in connection with the § 1983 claims against defendants DeRose and Dauphin County.  In a Report and Recommendation dated February 6, 2007, we indicated that the

plaintiff's tolling argument should be rejected.  We stated as follows:

> The plaintiff has not presented an argument that warrants a holding by the court that the running of the statute of limitations was tolled.  The fact that an Equal Employment Opportunity Commission discrimination claim was pending is not a basis to toll the deadline for a 42 U.S.C. §§ 1983 or 1985 civil action.  The plaintiff asserts that for her to bring her Title VII claims and her 42 U.S.C. §§ 1983 and 1985 claims arising from one core set of facts and incidents at the same time is in the interest of judicial economy, and that for her to have brought the claims separately would have been unnecessarily duplicative.  However, the limitations period is not tolled on this basis.  The contention that the time for filing a 42 U.S.C. § 1983 civil action is tolled during the period in which a litigant pursues a related but independent cause of action was addressed by the United States Supreme Court in *Board of Regents of the University of the State of New York, et al. v. Tomanio*, 446 U.S. 478 (1980).  The Court held that the borrowing of the state statute of limitations includes the borrowing of its tolling provisions.  Under Pennsylvania law, an action in another jurisdiction or in another court does not toll the statute of limitations.  *Falsetti v. Local Union No. 2026, United Mine Workers of America*, 355 F.2d 658 (3d Cir. 1966); *Storch v. Miller*, 585 A.2d 1183, 137 Pa. Cmwlth. 325 (Pa.Cmwlth 1991).  The plaintiff's judicial economy policy argument for a tolling during the pendency of a proceeding in another forum involving related facts is not meritorious.

*Doc. 41* at 7-8.

Judge Conner adopted that portion of the Report and Recommendation that recommended that the plaintiff's First and Fourteenth Amendment claims brought pursuant to § 1983 against defendants DeRose and Dauphin County be dismissed. Accordingly, the plaintiff's tolling argument as to the First and Fourteenth Amendment claims against defendants PrimeCare Medical, Cousin and Toolan is without merit.

The plaintiff also asserts that all of the allegations in the amended complaint that relate to incidents prior to two years before she commenced this action are provided to establish a continuing pattern of retaliatory conduct and not as their own separate claims for relief. However, this argument does not save the plaintiff's 1983 claims from being barred by the statute of limitations as the plaintiff was terminated more than two years before she commenced this action and all of her allegations relating to other incidents happened prior to her termination.

It will be recommended that defendants PrimeCare Medical, Cousin and Toolan be granted summary judgment on the plaintiff's First and Fourteenth Amendment claims against them

13

brought pursuant to 42 U.S.C. § 1983 given that those claims are barred by the statute of limitations.

B. Conspiracy Claims.

The defendants contend that the plaintiff's conspiracy claims are barred by the statute of limitations.

The plaintiff's conspiracy claims are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and Pennsylvania law. The conspiracy claims are subject to a two year statute of limitations. *See Garvin, supra,* 354 F.3d at 220 (Section 1983 claims); *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 79 (3d Cir. 1989)(Section 1985(3) claims); *Callahan v. A.E.V., Inc.,* 182 F.3d 246 n.7 (3d Cir. 1999)(conspiracy claims).

Although the general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises, "Pennsylvania law recognizes that 'in some circumstances, although the right to institute suit may arise, a party may not, despite the exercise of diligence, reasonably discover that he has been injured.'" *Haugh v. Allstate Ins. Co.,* 322 F.3d 227, 231 (3d Cir. 2003)(quoting

14

*Crouse v. Cyclops Industries,* 745 A.2d 606, 611 (Pa. 2000)).
"In such cases, the discovery rule applies." *Id.* "'The
discovery rule is a judicially created device which tolls the
running of the applicable statute of limitations until the
point where the complaining party knows or reasonably should
know that he has been injured and that his injury has been
caused by another party's conduct.'" *Id.* (quoting *Crouse,*
*supra,* 745 A.2d at 611). "The party seeking to invoke the
discovery rule bears the burden of establishing the inability
to know of the injury despite the exercise of reasonable
diligence." *Dalrymple v. Brown,* 701 A.2d 164, 167 (Pa. 1997).

     A court presented with an assertion that the discovery
rule is applicable, "must address the ability of the damaged
party, exercising reasonable diligence, to ascertain that he
has been injured and by what cause." *Fine v. Checcio,* 870 A.2d
850, 858 (Pa. 2005). "Since this question involves a factual
determination as to whether a party was able, in the exercise
of reasonable diligence, to know of his injury and its cause,
ordinarily, a jury is to decide it." *Id.* However, where
reasonable minds could not differ in finding that a party knew
of or should have known by the exercise of reasonable diligence
of his injury and its cause, the court may determine that the

15

discovery rule does not apply as a matter of law. *Id.* at 858-59.

The fact that a plaintiff is not aware that the defendant's conduct is wrongful or legally actionable is irrelevant to the discovery rule analysis. *Caro v. Glah,* 867 A.2d 531, 534 (Pa.Super.Ct. 2004). "For the statute of limitations to run, a plaintiff need not know the 'exact nature' of his injury, as long as it objectively appears that the plaintiff 'is reasonably charged with the knowledge that he has an injury caused by another.'" *Mest v. Cabot Corp.,* 449 F.3d 502, 510-11 (3d Cir. 2006)(quoting *Ackler v. Raymark Indus., Inc.,* 551 A.2d 291, 293 (Pa.Super. Ct. 1988)).

The plaintiff asserts that she did not learn of the participation of the defendants in a conspiracy until the administrative proceedings held before the PHRC. She further asserts that even through diligent investigation she had no means of forcing the defendants to reveal their participation in a conspiracy against her.

It is clear that the plaintiff knew about her injury - her termination - no later that June 9, 2004. Furthermore, the

16

letter that she received from PrimeCare Medical explaining the
reasons for her termination alerted her that the termination
was motivated at least in part by complaints by prison
officials. See Doc. 54, Exhibit 9 (setting forth as one reason
for the termination an incident on June 4, 2004 when the
plaintiff is alleged to have failed to respond to a report of
an inmate complaining of chest pain and stating that security
at the prison was particularly upset about that incident).
Thus, she was on notice that information provided by prison
officials or staff was involved in the termination decision.
The contention that she could not have forced the defendants to
reveal their participation in a conspiracy against her is not
an assertion, upon examination, that advances the analysis of
whether the plaintiff is reasonably charged with the knowledge
as of the date of her termination that she was injured by the
defendants.

        We conclude that a reasonable trier of fact could only
conclude that the plaintiff knew or reasonably should have
known more than two years before she commenced this action that
she was injured by the defendants' actions.  Therefore, the
plaintiff's conspiracy claims are barred by the statute of
limitations.  Accordingly, we will recommend that the

17

defendants be granted summary judgment on the plaintiff's 42
U.S.C. § 1983 conspiracy claims, 42 U.S.C. § 1985(3) claims and
civil conspiracy claims under Pennsylvania law.[4]

C. Title VII, PHRA and 42 U.S.C. § 1981 Claims.

The plaintiff claims that she was discriminated against
because of her marriage to an African American.  The plaintiff
also claims that she was retaliated against for complaining
about such discrimination.

Title VII prohibits discrimination in employment on the
basis of race. 42 U.S.C. § 2000e-2(a).  Title VII also
prohibits retaliation for protected conduct. 42 U.S.C. § 2000e-
3(a)("It shall be an unlawful employment practice for an
employer to discriminate against any of his employees or
applicants for employment . . . because he has opposed any
practice made an unlawful employment practice by this title, or

---

[4] Given our recommendation that the defendants be
granted summary judgment on the plaintiff's conspiracy claims on
statute of limitations grounds, we need not address the merits of
those claims, the argument of defendant DeRose that he is entitled
to qualified immunity or the argument of defendant Dauphin County
that the plaintiff has no evidence to establish that a policy,
practice or custom of the county caused her claimed injuries.

because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.").

The PHRA also prohibits discrimination in employment on the basis of race and retaliation for protected conduct. 43 P.S. § 955(a) & (d).  The PHRA's racial discrimination and retaliation provisions are interpreted as identical to such provisions in Title VII. *Slagle v. County of Clarion,* 435 F.3d 262, 265 n. 5 (3d Cir. 2006)(Title VII and PHRA retaliation provisions interpreted identically); *Goosby v. Johnson & Johnson Medical, Inc.,* 228 F.3d 313, 317 n.3 (3d Cir. 2000)(Title VII and PHRA racial and gender discrimination provisions interpreted identically).

42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions. *Brown v. Philip Morris Inc.,* 250 F.3d 789, 796 (3d Cir. 2001). In the employment context, the elements of a § 1981 claim and a discrimination claim under Title VII are identical. *Schurr v. Resorts Intern. Hotel, Inc.,* 196 F.3d 486, 499 (3d Cir. 1999).

"With the goal of 'progressively . . . sharpening the inquiry into the elusive factual question of intentional discrimination," the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972), established an allocation of the burden of production and an order for the presentation of proof in Title VII cases. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506 (1993)(quoting *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 255 n.8 (1981)). The *McDonnell Douglas* "framework has three steps: (1) the plaintiff bears the burden of establishing a prima facie case of discrimination; (2) the burden then shifts to the defendant, who must offer a legitimate non-discriminatory reason for the action; and (3) if the defendant satisfies this burden, the plaintiff must then come forth with evidence indicating that the defendant's proffered reason is merely a pretext." *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 619 (3d Cir. 1996). The *McDonnell Douglas* framework applies to the plaintiff's § 1981 claims as well as her title VII and PHRA claims. *Stewart v. Rutgers,* 120 F.3d 426, 432 (3d Cir. 1997)(applying *McDonnel Douglas* framework to § 1981 claim).

There is no rigid formulation of a prima facie case under *McDonnell Douglas* and the requirements may vary with

different factual situations.  *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 938 (3d Cir. 1997).  Basically, a prima facie disparate treatment case is comprised of the following four elements: (1) the plaintiff belongs to a protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discrimination, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Sarullo v. U.S. Postal Service,* 352 F.3d 789, 797 (3d Cir. 2003).  As an alternative to the fourth element, a plaintiff can show that the position was filled with a person not belonging to the protected category. *Matczak*, *supra,* 136 F.3d at 939.

To establish a prima facie case of retaliation, a plaintiff must establish 1) that she engaged in protected activity; 2) that the employer took an adverse action against her; and 3) that there was a causal connection between her participation in the protected activity and the adverse action. *Moore v. Philadelphia,* 461 F.3d 331, 340-41 (3d Cir. 2006).

If a plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate some legitimate nondiscriminatory reason for the adverse employment decision. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994); *Moore, supra,* 461 F.3d at 342.  An employer satisfies its burden of production by introducing evidence which would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision. *Id*.  "The employer need not prove that the tendered reason *actually* motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." *Id*.

Once the defendant meets its relatively light burden by articulating a legitimate reason for its action, the burden of production rebounds to the plaintiff.  To defeat summary judgment the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.  *Fuentes v. Perskie*, 32 F.3d 759, 764

(3d Cir. 1994).  To avoid summary judgment, "the plaintiff's
evidence rebutting the employer's proffered legitimate reasons
must allow a fact finder reasonably to infer that *each* of the
employer's proffered non-discriminatory reasons was either a
*post hoc* fabrication or otherwise did not actually motivate the
employment action (that is, the proffered reason is a
pretext)." *Id.* (citations omitted).  "To discredit the
employer's proffered reason, the plaintiff cannot simply show
that the employer's decision was wrong or mistaken, since the
factual dispute at issue is whether a discriminatory animus
motivated the employer, not whether the employer is 'wise,
shrewd, prudent, or competent.'" *Brewer v. Quaker State Oil
Refining Corp.*, 72 F.3d 326, 331 (3d Cir. 1995).  Rather, the
plaintiff must demonstrate "such weaknesses, implausibilities,
inconsistencies, incoherencies, or contradictions" in the
employer's proffered reasons that a reasonable fact finder
could rationally find the proffered reasons unworthy of
credence and infer that the employer did not act for those
asserted reasons. *Fuentes*, *supra*, 32 F.3d at 765.

Defendants PrimeCare Medical, Cousin, and Toolan
contend that they are entitled to summary judgment on the
plaintiff's Title VII, PHRA and 1981 claims because they have

23

articulated legitimate nondiscriminatory reasons for the plaintiff's termination and the plaintiff has failed to show that those reasons were pretext for discrimination.

The defendants assert that the reasons for the plaintiff's termination were: 1) she did not respond to an emergency call on December 6, 2003; 2) on May 27, 2004, the plaintiff responded to an emergency call but did not take the emergency jump bag or the AED as required by policy; and 3) on June 4, 2004, the plaintiff failed to respond to an emergency call from a guard.

The plaintiff has not presented evidence from which a reasonable trier or fact could conclude that the defendants' articulated reasons for terminating her were pretext for discrimination.[5]   Accordingly, the defendants are entitled to

---

[5]   We note that the plaintiff has not even argued in her brief that the defendants' articulated reasons for terminating her employment were pretext.  The plaintiff sets forth the applicable legal standards in her brief and recognizes that if the defendants offer a legitimate non-discriminatory reason for the adverse employment decision the burden shifts back to her to show that the proffered reason was pretextual.  However, in her brief the plaintiff does not argue that the defendants' proffered reasons for her termination were pretextual.  Although the plaintiff's brief fails to address the issue of pretext, we note that in her response to the defendants' statements of material facts, the plaintiff does deny that with respect to the May 27, 2004 incident she violated

summary judgment on the plaintiff's Title VII, PHRA and 42

U.S.C. § 1981 claims.[6]

---

policy.  She contends that it was practice for nurses to respond without a cart and she points to unverified statements of two corrections officers to support that assertion.  However, even though it may have been practice for nurses to respond without a cart the plaintiff has not disputed that PrimeCare, on February 26, 2004, instituted a specific policy concerning how to respond to emergencies.  Moreover, the plaintiff has not presented any evidence calling into doubt the defendants' assertion that she was terminated because on June 4, 2004 she failed to respond to an emergency call from a guard.

[6] Because we conclude that the defendants are entitled to summary judgment on the basis that the plaintiff has failed to show that the defendants' articulated reasons for her termination were pretext, we need not address the defendants other arguments for summary judgment on the plaintiff's Title VII, PHRA and § 1981 claims. However, we briefly note the following.  As defendants Cousin and Toolan argue, the Title VII claims against them should be dismissed because there is no individual liability under Title VII. *Sheridan v. E.I. duPont de Nemours*, 100 F.3d 1061, 1077-78 (3d Cir. 1996)(holding that an individual employee can not be liable under Title VII).  Defendants Cousin and Toolan are entitled to summary judgment on any aiding and abetting claim under the PHRA because the plaintiff has failed to present evidence establishing such a claim.  The defendants are entitled to summary judgment on the plaintiff's retaliation claims because the plaintiff has failed to show a causal connection between her complaints of discrimination on January 7, 2004 and her termination on June 9, 2004.  We make no decision on the contention of defendants DeRose and Dauphin County that they are entitled to summary judgment on the plaintiff's § 1981 claim because the plaintiff was an at will employee of PrimeCare Medical and there was no employment contract between the plaintiff and PrimeCare Medical.  We note, however, that numerous courts that have addressed the issue have held that § 1981 does apply in the at will employment context. See *McClease v. R.R. Donnelley & Sons Co.,* 226 F.Supp.2d 695, 700-702 (E.D.Pa. 2002)(citing cases); *Walker v. Abbott Laboratories,* 340 F.3d 471, 476 (7th Cir. 2003)(stating that "at-will employment creates a contract because the employer promises to pay the employee for certain work and the employee accepts the offer by beginning work"

IV.   Recommendations.


Based on the foregoing, it is recommended that the
motion (doc. 52) for summary judgement filed by defendants
PrimeCare Medical, Cousin and Toolan be granted, that the
motion (doc. 55) for summary judgment filed by defendants
DeRose and Dauphin County be granted, the judgment be entered
in favor of the defendants and that the case file be closed.




*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   October 31, 2007.

----

and that the "lack of a fixed duration of employment does not make
the relationship any less contractual"). We also make no decision
on the contention of the PrimeCare Medical defendants that the
plaintiff's claim that she was discriminated against because she
married an African American is not a claim of racial
discrimination. We note, however, that it has been held by some
courts that discrimination against an employee based on the
employee's interracial marriage is racial discrimination against
the employee. *See e.g. Parr v. Woodmen of the World Life Ins. Co.,*
791 F.2d 888 (11th Cir. 1986)(holding that Title VII and § 1981
prohibits discrimination based upon an interracial marriage or
association).