IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA REEVES,** | : | CIVIL ACTION NO. 1:06-CV-1534 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **DAUPHIN COUNTY, PRIME CARE MEDICAL INC., MARCY D. COUSIN, THOMAS TOOLAN, and DOMINICK DEROSE,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 30th day of January, 2008, upon consideration of the report of the magistrate judge (Doc. 72) recommending (1) that plaintiff's First Amendment, Fourteenth Amendment, and conspiracy claims[1] be dismissed as untimely[2] and (2) that plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act ("PHRA"), and 42 U.S.C. § 1981 be dismissed because plaintiff failed to proffer sufficient evidence to rebut defendants' asserted nondiscriminatory reasons for termination, and upon further consideration of the objections to the report and recommendation (see Doc. 73), and, following an independent review of the record, it appearing that plaintiff's

---

[1] Plaintiff maintains two conspiracy claims pursuant to 42 U.S.C. § 1985(3) and Pennsylvania law.

[2] The amended complaint also alleges a deprivation of plaintiff's rights pursuant to the Thirteenth Amendment (see Doc. 19 ¶ 1). Plaintiff does not currently advance a direct claim under that Amendment (see Doc. 45 at 1 n.1).

First Amendment, Fourteenth Amendment, and conspiracy claims are barred by the statute of limitations,[3] and that plaintiff has failed to allege any facts justifying application of the discovery rule or tolling of the limitations period,[4] and it further

---

[3] Plaintiff was terminated on June 9, 2004 and brought this action more than two years later, on August 7, 2006. (See Doc. 72.) "Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his or her action is based." Sameric Corp. v. City of Philedelphia, 142 F.3d 582, 599 (3d Cir. 1998). The Pennsylvania statute of limitations for personal injury actions is two years. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). Additionally, plaintiff's conspiracy claims are also subject to a two year statute of limitations. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989); Callahan v. A.E.V., Inc., 182 F.3d 246, 246 n. 7 (3d Cir. 1999). "For the statute of limitations to run, a plaintiff need not know the 'exact nature' of his injury, as long as it objectively appears that the plaintiff 'is reasonably charged with the knowledge that he has an injury cause by another.'" Mest v. Cabot Corp., 449 F.3d 502, 510-511 (3d Cir. 2006) (quoting Ackler v. Raymark Indus., 551 A.2d 291, 293 (Pa. Super Ct. 1988)). Here, plaintiff alleged discrimination prior to her termination, therefore, she knew or should have known of, her injury when her employment ended. (See Doc. 72.) No tolling of the statute of limitations is warranted.

[4] Plaintiff claims that the statute of limitations should be tolled for judicial economy. (See Doc. 72, 73.) However, judicial economy is not legitimate grounds for tolling. The United States Supreme Court has stated that the tolling of a 42 U.S.C. § 1983 claim is controlled by state law. See Bd. of Regents v. Tomanio, 446 U.S. 478, 483 (1980). Pennsylvania law does not permit tolling for judicial economy. See Falsetti v. Local Union No. 2026, 355 F.2d 658, 662 (3d Cir. 1966); Storch v. Miller, 585 A.2d 1173, 1174 (Pa. Commw. Ct. 1991).

2

appearing that plaintiff has not proffered evidence that defendants' stated reasons for termination constituted pretext for discrimination,[5] it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 72) is ADOPTED.

2. Defendants' motions for summary judgment (Docs. 52, 55) are GRANTED.

3. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff on all claims.

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[5] Claims under Title VII, the PHRA, and 42 U.S.C. § 1981 are identical when they arise from alleged employment discrimination. See Slagle v. County of Clarion, 435 F.3d 262, 265 n.5 (3d Cir 2006); Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 317 n.3 (3d Cir. 2000); Schurr v. Resorts Int'l Hotel, Inc. 196 F.3d 486, 499 (3d Cir. 1999). "[T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). The court adopts the finding of the magistrate judge that plaintiff failed to rebut each of the employer's proffered non-discriminatory reasons.