# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA REEVES**, | : | CIVIL ACTION NO. 1:06-CV-1534 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DAUPHIN COUNTY**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 13th day of May, 2008, upon consideration of defendants' motion (Docs. 78) for attorney's fees pursuant to 42 U.S.C. § 1988 (stating that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee") and 28 U.S.C. § 1927 (providing that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required . . . to satisfy . . . attorneys' fees reasonably incurred because of such conduct"), and it appearing that a prevailing defendant is to be awarded attorney's fees under § 1988 only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation," Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)), that attorney's fees for prevailing defendants "are not routine, but are to be only sparingly awarded," EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 503 (3d Cir. 1991)), that "[d]eterminations regarding frivolity are to be made on a case-by-case basis," id., and that "[t]he standard for finding frivolity or a lack of foundation . . . must require something beyond that which is required for granting either a motion to dismiss or a motion for summary judgment," Solomen v. Redwood Advisory Co., 223 F. Supp. 2d 681, 684 (E.D. Pa. 2002), and it further appearing that an


award of attorney's fees under § 1927 is appropriate only upon a finding that an attorney has multiplied proceedings vexatiously and in bad faith in a manner that increases the costs of litigation, see In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002), and that bad faith is evidenced by counsel's pleading of meritless claims, pursuit of actions for "an improper purpose such as harassment," or advocating of actions despite knowledge of the aforementioned factors, see id., and the court finding that defendants are the prevailing parties in the above-captioned action for purposes of § 1988, but that the action was based upon a sufficiently real threat of injury to plaintiff, whose employment was terminated, see Barnes Found., 242 F.3d at 158, and that the action was not prosecuted for the purpose of harassing defendants, see Solomen, 223 F. Supp. 2d at 684, 686-87, because plaintiff's time-barred claims were dismissed early in the litigation and her conspiracy claims, though unsuccessful, proceeded to the summary judgment stage based upon colorable allegations regarding the precise time at which plaintiff discovered the alleged conspiratorial harm, and the court concluding that plaintiff's counsel has not vexatiously managed the litigation in a manner that multiplied the number of motions, discovery requests, or discovery costs in the above-captioned matter, and has therefore not engaged in a bad faith "disregard for the orderly process of justice", Mazzone v. Grant Wilfley Casting, No. Civ. A. 05-2267, 2008 WL 1803513, at *2 (D.N.J. Apr. 21, 2008) (citation omitted); see also In re Prudential Ins. Co., 278 F.3d at 188, it is hereby ORDERED that the motion for attorney's fees (Docs. 78) are DENIED.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge